**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL NO.  2:92CV89**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **ROBERT JOHNSTON; GERTRUDE** | ) | |
| **JOHNSTON; MICHELE JOHNSTON;** | ) | |
| **and IMPERIUM CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on numerous pleadings filed subsequent to the entry

of an Order of Sale, filed May 10, 2005.

      That Order contained the following pertinent provisions:

      This Order shall act as a special writ of execution.  No further orders or process
from the Court shall be required.

      The Internal Revenue Service . . . is ORDERED to sell the subject property by
negotiated private sale, subject to the approval of the Court, in accordance with 28
U.S.C. § 2001.
             . . .
The property is to be vacated within thirty (30) days of this order.  If said property
is not vacated, the U.S. Marshals Service is authorized to effect the eviction of the
current tenants.

      Within thirty (30) days of the filing of this Order, the defendants, and all persons
occupying the real property with their permission, shall remove their personal
property from the real property permanently . . . .  If they fail or refuse to remove
their personal property by the specified time, any personal property remaining on
the property is deemed forfeited and abandoned.  The IRS is authorized to remove
or dispose of such personal property in any manner it deems appropriate,
including by sale.

**Order, filed May 10, 2005, ¶¶ 2-3, 7-8.**

On May 24, 2005, Defendant Robert Johnston filed a pleading captioned "Justice Demands 'Order of Sale' be Vacated" in which he claims that the Order of Sale was entered before the undersigned had an opportunity to consider his counterclaim.[1]  That document, captioned "Counterclaim by Special Visitation to Give Judicial Notice as to exercise of Conflict of Interest resulting in Crime of Violence" was filed on May 13, 2005, three days after the Order of Sale was entered.  Both that pleading and the one filed on May 24, 2005, are frivolous filings, based on the Defendant's tax protestor-type arguments to the effect that his income is not taxable by the United States Government.

On June 24, 2005, the Government moved for an order to show cause why Johnston should not be held in contempt of court.  According to the Government, Johnston filed a notice of *lis pendens* and initiated another action in this Court to contest title to the property.  The Court's docket shows that no *lis pendens* was filed in this action; however, on June 8, 2005, Johnston did initiate another action in this Court and in that matter filed a notice of *lis pendens* concerning the property at issue.  Instead of moving to dismiss that action, the Government answered.  On July 11, 2005, Johnston filed a response in this action to the motion for an order to show cause.

On August 10, 2005, Johnston filed a motion to vacate the order of sale and requested a hearing on the jurisdictional issues he continues to expound.  That motion will be denied.

---

[1]Johnston was served with the Government's motion to permit the sale of property but failed to respond in a timely manner.  As a result, the Order of Sale was entered upon his default.

The Court finds that the Government should proceed with the private sale previously ordered in May 2005 in order to finally conclude this matter. No order to show cause will issue as to Johnston; the best remedy in this matter is the swift, efficient sale of the property. The Court will entertain a motion to dismiss the companion case on the grounds of *res judicata* and any other appropriate grounds.

Johnston, however, is hereby placed on notice that the Court considers his behavior in this case, as well as the filing of the companion case, to be in violation of Federal Rule of Civil Procedure 11 which provides in pertinent part:

> By presenting to the court . . . a pleading, . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances –
>     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>     (2) the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .;
>     (3) the allegations and other factual contentions have evidentiary support or, . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

**Fed. R. Civ. P. 11(b).** Johnston is hereby placed on notice that pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent powers, the Court may impose sanctions if he continues to make frivolous filings. If sanctions are imposed, they may include directives of a nonmonetary nature, such as an injunction against filings in this Court. Sanctions may also include an order to pay a penalty into court or an order directing the payment of reasonable attorneys' fees to the Government. In short, Johnston is warned not to make future frivolous filings.

**IT IS, THEREFORE, ORDERED** that the motion for an order to show cause is hereby **DENIED** without prejudice to renewal; and

**IT IS FURTHER ORDERED** that Johnston's motion to vacate the order of sale and for a hearing is hereby **DENIED**.

**Signed: September 14, 2005**

Lacy H. Thornburg
United States District Judge